IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   2:05-cv-00783-SRW |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, INC., | ) |
| ET AL., | ) |
| | ) |
|     Defendants. | ) |

### RESPONSE TO DEFENDANTS MOTION TO STRIKE

**COMES NOW** the Plaintiff and responds to defendants Motion to Strike the exhibits attached to his Response to Summary Judgment as follows:

1.    The Defendant has moved this Court to strike Plaintiff's exhibits because they are "unauthenticated, and not placed in proper evidentiary form as would be admissible." The United States Supreme Court addressed this issue previously and it is now well settled that a nonmoving party is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment.

> Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file. Such a motion, whether or not accompanied by affidavits, will be made and supported as provided in this rule, and Fed. R. Civ. P. 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. **The court does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.**

Celotex Corp. v. Catrett, 477 U.S. 317 (U.S. 1986)( Emphasis added).

2. Furthermore, the evidence submitted by Plaintiff is not inadmissible hearsay. Exhibits 2, 5 and 18 are commission reports kept in the ordinary course of business by Godwin Materials, Inc. and Ollie Godwin who is an independent contractor. The reports are made in order to track payment to independent truck drivers for each load delivered. They are clearly within the hearsay exception of Rule 803(6) *Federal Rules of Evidence* and will be admissible at trial upon certification of the custodian or a proper foundation.

3. Exhibits 3, 4, 13, 14, 15 and 21are business records of regularly conducted activity and medical diagnosis. They are exceptions to the hearsay rule under Federal Rules of Evidence 803(4) and (6) and will be admissible at trial upon certification or a proper foundation.

4. Exhibit 8, is correspondence between Palomar Insurance agent Suzanne Adger and Godwin Materials. It is a business record exclusion under rule 803(6) FRE or can be authenticated by the Palamar Agent who produced the document pursuant to a Subpoena.

5. Exhibit 19 is e-mail correspondence between the defendant and their agent Palomar Ins. It is an admission under FRE 801(d)(2) and can also be offered to show notice or knowledge which is not hearsay because it is not being offered to prove the truth of the matter it contains.

6. The Affidavit of Ollie Godwin is admissible and does not contain hearsay. All of the statements contained in the affidavit are based upon personal knowledge. If any of the statements were hearsay, only those portions containing hearsay should be stricken and not the entire Affidavit. The rule is settled that the Court can only disregard the inadmissible portions of an Affidavit. FED. RULES OF CIVIL PROCEDURE Rule 56(e) Second Edition Practice Comments Subdivision (e) *citing* Liberty Lobby v. Anderson, 562 F. Supp. 201,203 (D.D.C. 1983).

The expiration date of the Notary is simply a clerical error (See attached Exhibit A). The Notary's expiration date is June 12, 2009. Therefore, the affidavit should not be stricken for this reason or in the alternative the affidavit should be substituted.

Furthermore, the Defendants suggest that the Affidavit of Ollie Godwin contradicts his deposition testimony. Godwin's deposition is not contradictory. He states in his affidavit that he "had made three deliveries" on the day of the injury this was verified by his commission report which paid for three loads that day. His deposition testimony states "seemed like the truck was loaded with pea gravel when the pipe blew out" when asked when the pipe blew he stated "Bringing it in, you know, fixing to take a load and haul it. We was taking a load off." (Defendants Reply Brief pg. 2). Thus the Affidavit is not an inconsistent statement, it simply explains details not requested in the deposition.

**WHEREFORE**, Plaintiff prays this Court DENY Defendant's Motion to Strike Plaintiff's exhibits.

Respectfully submitted this the 9th of November 2006.

>s/Arlene M. Richardson
>Bar Number ASB 9452-I60A
>Attorney for the Plaintiff
>**Richardson Legal Center, L.L.C.**
>P.O. Box 971
>Hayneville, Alabama 36040
>Telephone: (334) 548-5660
>Fax: (561) 228-1085
>E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk     mlc@ffdlaw.com
John W. Dodson     jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

NONE

                               **s/Arlene M. Richardson**
                               Bar Number ASB 9452-I60A
                               Attorney for the Plaintiff
                               **Richardson Legal Center, L.L.C.**
                               P.O. Box 971
                               Hayneville, Alabama 36040
                               Telephone: (334) 548-5660
                               Fax: (561) 228-1085
                               E-mail: arlawyer@htcnet.net

| STATE OF ALABAMA | ) | |
|---|---|---|
| | ) | **AFFIDAVIT** |
| COUNTY OF LOWNDES | ) | |

Before me, the undersigned authority, a Notary Public in and for said State and County personally appeared, Rita McGough, who doth depose and say as follows:

My name is Rita McGough; I am over the age of 19 years and qualified to make this affidavit, which is based on my personal knowledge.

On October 26, 2006 I notarized an Affidavit for Mr. Ollie Godwin and when I wrote down my commission expiration date I mistakenly wrote 06 (2006) instead of the correct expiration date of 09 (2009). My notary commission expires on June 12, 2009 as evidenced by the attached copy of my appointment signed by the Honorable Steve Norman, Judge of Probate of Butler County, Alabama and a copy of the notary public details as kept in the Office of the Alabama Secretary of State which shows the date of appointment, date of commission, and date of expiration.

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this the 9 day of November, 2006.

_____
Rita McGough

SWORN TO AND SUBSCRIBED BEFORE ME, on this the ___ day of November 2006.

_____
Notary Public
My Commission Expires: 6/12/09

(SEAL)


PLAINTIFF'S EXHIBIT A



# NOTARY PUBLIC DETAILS
Office of the Secretary of State
State of Alabama

**INITIATE NEW BROWSE**

```
Name.........: MCGOUGH, RITA
Address......: 116 ARCHWAY RD
City/St/Zip..: FT DEPOSIT, AL  36032

Appointed....: 06-12-2005
Commissioned.: 06-12-2005
Expire Date..: 06-12-2009

Notary Type..: STATE WIDE

County.......: BUTLER
Probate Judge.: NORMAN, STEVE

Bonding Co...: AMERICAN STATES INS CO
```

**← PREVIOUS PAGE**



© 2006, Office of the Secretary of State, State of Alabama



# Steve Norman
# Judge of Probate

Butler County
Greenville, Alabama

Date: JUNE 12, 2005

To: RITA MCGOUGH
116 ARCHWAY RD
FT. DEPOSIT, AL  36032

I take pleasure in advising you that I have this day appointed you to the office of

## Notary Public, State at Large

This is not your commission. A commission will be issued to you when you qualify by filing your bond for record in this office, together with the fifteen dollar ($15.00) fee for issuance of the commission. A failure to qualify by giving bond as required by law within forty (40) days after the date of your appointment vacates your office.

Date of Appointment: JUNE 12, 2005

Date of Commission: 4 YRS

Expiration of Commission Date: JUNE 12, 2009

*Steve Norman*
Steve Norman
Judge of Probate

# In the Name and by the Authority of
# The State Of Alabama

*I, Steve Norman*

*Judge of Probate*

## SEND GREETINGS

To _____ RITA MCGOUGH _____

*Reposing full trust in your Prudence, Integrity, and Ability, I do, by virtue of the Power and Authority in me vested as Judge of Probate of Butler County hereby commission you a Notary Public, State at Large*

*To have and to hold the said office, together with all the Rights, Power and Emoluments to the same belonging or in anyway lawfully appertaining, during the term prescribed by the Constitution and Laws of the State of Alabama, you shall so long demean yourself well.*

**In Testimony Whereof,** *I have hereto set my hand, this* __12__ *day of* __JUNE__ *In the year of our Lord Two Thousand Five.*



*Steve Norman, Judge of Probate*