IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) 2:07cv167-WHA<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, INC., )<br>ET AL., )<br>)<br>Defendants. ) | |

## BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT AND CORRECT NAME OF DEFENDANT "AIG"

### FACTUAL BACKGROUND

Plaintiff, Godwin, filed this complaint in Crenshaw County and named as a defendant "AIG d/b/a National Union Fire Insurance Company of Pittsburgh, PA." (hereinafter NUFIC) Plaintiff also pled fictitious parties as is allowed under the Alabama Rules of Civil Procedure. Since the filing of the Complaint, the case was removed twice; motions to dismiss Palomar and Godwin were filed; motion for summary judgment and response was filed; and the case is now pending trial.

In defendants contentions in the pre-trial order, NUFIC claims that Plaintiff's 2003 hernia claim is due to be dismissed because his policy was issued by "AIG Life Insurance Company." Plaintiff named "AIG" in his complaint and it is clear that AIG has notice of Mr. Godwin's claims against it.

Defendants have defended the 2003 (hernia) claim since this action was instituted and have never, until now, asserted that NUFIC is not responsible for the liabilities of AIG Life. In a

footnote to defendant's summary judgment motion they state that the lower court did not obtain personal jurisdiction over AIG Life Insurance. The defendants have never denied that the policy identified in the Complaint as 9056434 was issued to Ollie Godwin. It is clear from the documents produced by NUFIC that "AIG" or AIG Life Ins. and NUFIC are intricately affiliated, if not one and the same. By way of example: The Secretary signing the 2003 and 2004 policy is Elizabeth M. Tuck. The claim forms from 2004 through 2005 are headed AIG Claims Services "on behalf of National Union Fire Insurance Co." The same claims examiner, Stephanie Pines, worked on both the 2003 hernia claim and the 2004 hip claim.

## ARGUMENT

### I. WHEN A PARTY IS ALREADY BEFORE THE COURT, LEAVE TO AMEND TO IDENTIFY IT BY ITS CORRECT LEGAL NAME IN THE PLEADINGS IS FREELY GRANTED.

A motion for leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Among the proper reasons to amend a pleading is to correct the name by which a party already properly before the court is identified, i.e., to correct a misnomer. "A misnomer is involved when the correct party was served so that the party before the court is the one the plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect." 6A Wright & Miller, Federal Practice and Procedure § 1498(2d )(990). Under such circumstances, amendment is allowed as a "matter of course." Wright & Miller, supra

An amendment that merely seeks to correct a misnomer is governed by Fed.R.Civ.P. 15(c)(2) and (3), which read as follows (emphasis added):

> (1) When an Amendment Relates Back. An amendment to a pleading relates back
> to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
**(i) received such notice of the action that it will not be prejudiced in defending on the merits; and**
**(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

As the Advisory Committee Notes observe concerning Fed.R.Civ.P. 15(c), Paragraph (c)(3)An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of "arising out of the conduct set forth in the original pleading," and if, within the applicable limitations period, the party brought in by amendment, first, received such notice of the institution of the action--the notice need not be formal--that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party.

Fed.R.Civ.P. 15(c), Paragraph (c)(3) was intended to prevent a party from defeating an action on account of a defect in the pleading with respect to the defendant's name. The Committee states:

> Paragraph (c)(3). This paragraph has been revised to change the result in Schiavone v. Fortune, supra, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision which was withdrawn by the Supreme Court] for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision which was withdrawn by the Supreme Court] period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.

In this case "AIG" as named in the Complaint was aware of and has participated in the defense of this suit. AIG/NUFI employee Ms. Pines was served with a demand letter prior to the suit, testified as a corporate representative in the suit, and produced numerous documents. The fact that plaintiffs named "AIG" and not "AIG Life Insurance" is a misidentification and can be corrected before trial. An amendment to the pleadings that does nothing more than identify the defendant by its proper legal name is regularly allowed.

## II. GODWIN'S MOTION FALLS SQUARELY WITHIN THE RULE FOR CORRECTING A MISONOMER WHEN THE CORRECT PARTY IS ALREADY BEFORE THE COURT.

Godwin's motion should be granted because it easily meets all three of the requirements of Fed.R.Civ.P. 15(c)(3). No prejudice, surprise, or undue delay would be created by this minimal, but necessary amendment.

First, since the motion asks that the pleadings be altered only to reflect the name change of the Defendant, all claims and defenses in the amended pleadings, as well as the underlying allegations, would remain unchanged. See Fed.R.Civ.P. 15(c)(3) (amendment to change party name must satisfy Fed.R.Civ.P. 15(c)(2), requiring claims and defenses of amended pleadings to arise from conduct or transaction set forth in original pleading). Second, no new party is being brought into the action, so that the second requirement of Fed. R. Civ. P. 15(c)(3) does not apply. See supra n. 1; Fed.R.Civ.P. 15(c)(3) (any party "brought in" must have notice of action within time set forth by Fed.R.Civ.P. 4(m));. But even if this provision does apply, it is indisputable that the Defendant had actual notice of the commencement of the action with the prescribed time. As shown by the record of this action, the

Defendant was timely served with a summons and the original complaint, thereby satisfying this requirement.

Finally, because no new party is being brought into the action, the third requirement also does not apply. See supra n. 1; Fed. R. Civ. P. 15(c)(3) (party to be brought in must know or should have known that, but for "mistake concerning the identity of the proper party," the action would have been brought against it). Besides the fact that no new party is being brought in, no "mistake concerning the identity of the proper party" was ever made. The correct defendant has always been before the Court. For that reason, even if this requirement is deemed to apply, it is satisfied. The Defendant has always known that this action was intended to be brought against it, under whatever name it is incorporated. It litigated the action for years under the name "National Union Fire Insurance Company" who operates on "behalf of" AIG Life Insurance its former name, and it continues to litigate the action, although referring to itself exclusively as "NUFIC." in papers it files with the Court.

In short, the Defendant would suffer no prejudice or surprise by the proposed amendment. Delay would not be necessary as there is still more than 20 days before the trial of this cause. See Fed.R.Civ.P. 15(a)(3) (granting court power to alter times for filing amended responsive pleadings). Amending the pleadings under the circumstances of this case is a straightforward and necessary piece of housekeeping. Indeed, since the Defendant is the party that changed its legal name, it is hard to see why it has not taken the initiative to propose the amendment itself.

## CONCLUSION

For the reasons set forth above, the Court should allow Godwin's motion and issue an order making AIG Life Insurance Company a party to this action.

Respectfully submitted this the 29th day of January 2008.

                              **s/Arlene M. Richardson**
                              Bar Number ASB 9452-I60A
                              Attorney for the Plaintiff
                              **Richardson Legal Center, L.L.C.**
                              P.O. Box 6
                              Highland Home, Alabama 36041
                              Telephone: (334) 537-9011
                              Fax: (561) 228-1085
                              E-mail: arlawyer@mon-cre.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Michelle L. Crunk        mlc@ffdlaw.com
    Leilus Jackson Young, Jr   ljy@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

    NONE

                                **s/Arlene M. Richardson**
                              Bar Number ASB 9452-I60A
                              Attorney for the Plaintiff
                              **Richardson Legal Center, L.L.C.**
                              **Richardson Legal Center, L.L.C.**
                              P.O. Box 6
                              Highland Home, Alabama 36041
                              Telephone: (334) 537-9011
                              Fax: (561) 228-1085
                              E-mail: arlawyer@mon-cre.net

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, INC., and )<br>BLUE CROSS BLUE SHIELD OF ALABAMA, )<br>and AIG LIFE INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No.: 2:05-cv-00783-SRW<br>From Circuit Court Crenshaw Co.<br>Case No: CV-05-69 |

### SECOND AMENDMENT TO THE COMPLAINT

**COMES NOW,** the Plaintiff, Ollie Godwin, by and through the undersigned attorney of record, and would show this Honorable court as follows:

### PARTIES

1.  The Plaintiff, Ollie Godwin, is over the age of nineteen years and is a resident of Crenshaw County, Alabama. Hereafter referred to as Plaintiff.

2.  Defendant, National Union Insurance Company, is duly licensed with the Alabama Secretary of State as a corporation doing business in Alabama including Montgomery County and Crenshaw County, Alabama and is the corporation underwriter for the Palomar Occupational Accident policy that is made the basis of this complaint.

3.  Defendant, AIG Life Insurance Company, is duly licensed with the Alabama Secretary of State as a corporation doing business in Alabama including Montgomery County and Crenshaw County, Alabama and is the corporation underwriter for the Palomar Occupational Accident policy that is made the basis of this complaint.

4.  Defendant Blue Cross Blue Shield of Alabama is an independent licensee of the Blue Cross Blue Shield Association duly licensed in the State of Alabama and located at 450 Riverchase

Parkway East, in Birmingham, Alabama and is in the business of providing health insurance to the citizens of the State of Alabama including the Plaintiff.

5.  Defendants A, B, and C are underwriters for Defendant Palomar Insurance Corporation, employees, and/or agents of Palomar Insurance Corporation, doing business in Alabama, including Crenshaw County, Alabama and committed acts complained of herein and will be named and added appropriately when known.

## STATEMENT OF FACTS

6.  Godwin Inc., purchased an Occupational Accident Insurance Policy to insure their truck drivers, including Plaintiff, Ollie Godwin. Policy number 9056434 is underwritten by AIG Life Insurance Company and National Union Insurance Company. (Hereinafter referred to as AIG and National Union.)

7.  The Policy became effective on May 01, 2003 and renewed on the anniversary date for years 2004 and 2005. The Occupational Policy was such that the policy would renew every year.

8.  Plaintiff was a truck driver for Godwin Inc., and was insured under the terms of the aforementioned policy.

9.  Plaintiff, at all time mentioned herein, was also covered by a health insurance policy issued by Blue Cross Blue Shield of Alabama (hereinafter referred to as BCBS of Alabama) Contract Number XAA887493378.

10. Said BCBS of Alabama policy was issued to Godwin Inc., and was in force to provide health coverage for Godwin Inc., truck drivers.

11. Plaintiff was paying premiums on the AIG Life Insurance Policy and the National Union policy and the BCBS of Alabama policy which were deducted by Godwin Inc., from the Plaintiff's checks on a regular basis.

12. Said premiums were paid pursuant to the terms of both policies.

13. On or about October/November 2003 the Plaintiff suffered an occupational injury that resulted in the Plaintiff having surgery for hernia. Said Policy 9056434 has a special Hernia Coverage Rider and, pursuant to the policy terms, said injury should have been covered.

14. Plaintiff was under dispatch at the time of his injury and Godwin Inc., wrote to AIG and National Union and reported that the Plaintiff was under dispatch.

15. AIG and National Union ignored Godwin Inc., request and classified the Plaintiff's injury as non-occupational and did not pay his claim pursuant to the occupational classification under the policy.

16. Plaintiff on or about October 27, 2004 was again injured while on dispatch. Said injury to his knee and hip has resulted in collapse of his left hip which required surgery.

17. Again, AIG and National Union denied Plaintiff's claim and has refused to pay most of the Plaintiff's expenses relating to his injury of October 27, 2004 pursuant to the occupational accident Policy number 9056434.

18. As of May 01, 2005, AIG and National Union has refused to renew/cover the Plaintiff under the policy.

19. The Plaintiff filed claims for medical treatment with BCBS of Alabama pursuant to the terms and conditions of his health coverage policy.

20. BCBS of Alabama refused to pay any of the Plaintiff's claims stating that the injuries were work related and not covered under his policy.

21. That, after a period of time, BCBS of Alabama did pay the hospital charges resulting from the Plaintiff's hip surgery.

22. That at some point thereafter, AIG and National Union also paid some of the Plaintiff's claims.

23. Whereupon, BCBS of Alabama promptly requested a refund of the hospital and other medical expenses that they had previously paid.

24. That AIG, National Union and BCBS of Alabama have refused further payment on any medical charges for the Plaintiff's treatments of injuries complained of herein.

25. That Defendants AIG and National Union contends that the Plaintiff's injuries are not work related but are sickness/disease originated, and BCBS of Alabama contends that the Plaintiff's injuries are work related and not covered under the health insurance policy.

26. Plaintiff paid premiums on AIG, National Union and BCBS of Alabama policies and contends that his medical treatment expenses should be covered under one of the policies.

27. Because of Defendants' refusal to pay his claims, the Plaintiff is left with the burden of all medical expenses incurred by his injuries.

## COUNT I
## BAD FAITH
### AS TO AIG/NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC.

28. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

29. That on or about the October/November 2003 and October 27, 2004 the Plaintiff was injured in two separate accidents while he was on dispatch for Godwin Inc.

30. Plaintiff timely gave Defendants AIG, National Union, and Fictitious Defendants A, B, and C notice of both injuries, pursuant to the terms under said policy, and made claims for benefits thereunder.

31. Defendants AIG, National Union and Fictitious Defendants A, B, and C did pay some of the Plaintiff's expenses on his injury of October/November 2003, but they classified his injury as non-occupational whereby they would not be required to pay as much as if the injury had been classified as occupational.

32. Defendants AIG, National Union and Fictitious Defendants A, B, and C have intentionally refused to pay any of the Plaintiff's expenses pertaining to his injury of October 27, 2004.

33. Defendants AIG, National Union and Fictitious Defendants A, B, and C intentionally refused to pay the Plaintiff's claims pursuant to the terms of the policy via correspondence dated February 27, 2004 pertaining to his October/November 2003 injury and correspondence dated February 19, 2005 pertaining to the Plaintiff's October 27, 2004 injury and has denied the Plaintiff's claims without lawful justification.

34. Defendants AIG, National Union and Fictitious Defendants A, B, and C's refusal to pay said claims was not based upon any reasonably legitimate, arguable, or debatable reason.

35. Defendants AIG, National Union and Fictitious Defendants A, B, and C knew that there was no legitimate, arguable or debatable reason for denying the claims, when Defendants refused to pay said claims.

36. Defendants AIG, National Union and Fictitious Defendants A, B, and C intentionally failed to investigate the claim to determine whether or not there was any lawful basis for its refusal to pay said claim.

37. Defendants AIG, National Union and Fictitious Defendants A, B, and C's determination that the Plaintiff's injury of October/November 2003 was a non-occupational injury and that the Plaintiff's October 27, 2004 injury was caused by an underlying medical condition and not occupational related are false and unsubstantiated.

38. Defendants AIG, National Union and Fictitious Defendants A, B, and C acted in bad faith in refusing to pay Plaintiff's claims.

39. Plaintiff claims punitive damages of Defendants AIG, National Union and Fictitious Defendants A, B, and C.

40. Because of Defendants AIG, National Union and Fictitious Defendants A, B, and C's refusal to pay, the Plaintiff has been damaged and caused to suffer in that he has had to bear all medical costs associated with his injuries, the Plaintiff was not paid his disability benefits due under the policy,

and the Plaintiff has not, otherwise, been compensated pursuant to the terms of the policy for which he has been paying premiums.

### COUNT II
### BREACH OF CONTRACT
### AS TO AIG/NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC.

41. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

42. That on or about May 01, 2003 and May 01, 2004 Defendants AIG, National Union and Fictitious Defendants A, B, and C renewed the Plaintiff's Occupational Accident Policy which covered the Plaintiff in the event of occupational accidents.

43. That Policy Number 9056434, drafted by Defendants AIG, National Union and Fictitious Defendants A, B, and C and issued to Godwin Inc., and the Plaintiff, is a written contract of insurance between the Plaintiff and Defendants AIG, National Union and Fictitious Defendants A, B, and C in which they agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendants AIG, National Union and Fictitious Defendants A, B, and C would pay for losses pursuant to the terms of the contract/policy.

44. Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

45. Defendants AIG, National Union and Fictitious Defendants A, B, and C has failed and refused, and continues to fail and refuse, to fully perform their part of the contract/policy.

46. Due to Defendants AIG, National Union and Fictitious Defendants A, B, and C's failure to perform, the Plaintiff has been damaged and caused to suffer in that he has had to bear the cost of extensive medical treatment, was not paid his disability benefits due him, has lost time from work which has caused him financial hardship, and he has not been otherwise compensated pursuant to the terms of the policy.

## COUNT III
## BREACH OF CONTRACT
## AS TO BLUE CROSS BLUE SHIELD OF ALABAMA, INC.

47.   Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

48.   That at all times complained of herein, the Plaintiff was covered under a BCBS of Alabama health insurance policy issued to Godwin Material Services, Inc., with contract number XAA887493378 which would cover the Plaintiff for medical expenses that were the result of non work related sickness or injuries.

49.   That BCBS of Alabama, Contract Number XAA887493378, was drafted by Defendant BCBS of Alabama and issued to Godwin Inc., and the Plaintiff, has a written contract of insurance between the Plaintiff and Defendant BCBS of Alabama in which BCBS of Alabama agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant BCBS of Alabama would pay for losses pursuant to the terms of the contract/policy.

50.   Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

51.   Defendant BCBS of Alabama has failed and refused, and continues to fail and refuse, to fully perform their part of the contract/policy.

52.   Due to Defendant BCBS of Alabama's failure to perform, the Plaintiff has been damaged and caused to suffer in that he will ultimately bear the cost of extensive medical treatment causing him financial hardship, and he has not been otherwise compensated pursuant to the terms of the policy;

## COUNT IV
## UNJUST ENRICHMENT
## AS TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC. AND
## BLUE CROSS BLUE SHIELD OF ALABAMA, INC.

53.   Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

54. That at all times herein complained of, the Plaintiff was covered under the insurance policies of AIG Life Insurance Company, National Union Fire Insurance Company of Pittsburg, Inc., and Blue Cross Blue Shield of Alabama.

55. That the Plaintiff paid all premiums timely and in the amounts as set by the prospective insurance companies.

56. That at the time of the Plaintiff's injury which resulted from a fall while he was getting out of his truck while on dispatch with Godwin Materials, Inc. The Plaintiff believed that AIG and National Union Fire Insurance Company of Pittsburg would be responsible to pay his medical bills and temporary disability regarding the injury because it was a work related injury.

57. When AIG Life Insurance Company and National Union Fire Insurance Company of Pittsburg denied the Plaintiff's claim as non-occupational disease; his Blue Cross Blue Shield of Alabama health insurance policy should have paid for any medical injuries not work related.

58. The Defendants, AIG Life Insurance Company and National Union Fire Insurance Company of Pittsburg and Blue Cross Blue Shield of Alabama both hold money which in equity and good conscience belongs to the Plaintiff.

59. That the Defendants are holding the monies which should properly be paid to the Plaintiff's healthcare providers as agreed in the insurance companies prospective policies.

60. That for the Defendants, AIG Life Insurance Company, National Union Fire Insurance Company of Pittsburg and Blue Cross Blue Shield of Alabama, to keep the premiums that the Plaintiff paid for the insurance coverage and not make any payments to the Plaintiff's health care providers would be an unjust enrichment for both insurance companies and would require the Plaintiff to bear the burden of his own medical treatment plus pay the insurance premiums.

61. Due to the acts of AIG Life Insurance Company, National Union Fire Insurance Company of Pittsburg and Blue Cross Blue Shield of Alabama, the Plaintiff has incurred injury to his credit reputation and has suffered severe emotional distress and monetary damage.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment, by a fair and impartial jury, against Defendant AIG Life Insurance Company, National Union Fire Insurance Company of Pittsburg Inc., and Blue Cross Blue Shield of Alabama for compensatory damages in the amount of the $59,581.44, plus pain and suffering and emotional distress in an amount to be determined by a jury, and a determination in equity as to the unjust enrichment by the Defendants, plus all costs associated with this legal action.

Respectfully submitted this 29th day of January 2008.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk          mlc@ffdlaw.com
Leilus Jackson Young, Jr.  ljy@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants: None

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net