IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE )<br>INSURANCE COMPANY OF )<br>PITTSBURGH, INC., et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:07cv167-SRW<br>(WO) |

**ORDER**

By order entered November 28, 2007, this court denied defendant's motion for summary judgment on plaintiff's claim alleging that defendant breached a contract of insurance by failing to pay plaintiff's claim arising from the 2004 collapse of plaintiff's hip. This action is presently before the court on defendant's motion, filed on February 12, 2008 (Doc. # 36), for reconsideration of the court's order denying summary judgment on this claim, and plaintiff's response to the motion (Doc. # 37).

In support of its motion for summary judgment, defendant filed the affidavit of Dr. Daniel W. Michael, an orthopedic surgeon. Dr. Michael concluded:

> Because of the normal time that it takes for avascular necrosis to develop, particularly to the point it had developed in his left hip, it is my opinion that there is no relationship between the alleged October 2004 accident and the onset and subsequent problems Mr. Godwin had in both hips from the avascular necrosis of the femoral heads.

(Michael aff., Defendant's Exhibit 5 to summary judgment motion). Plaintiff survived summary judgment on the breach of contract claim because there was evidence of record –

a letter from plaintiff's physician, Dr. Barrington, to defendant's claims examiner – suggesting that plaintiff's accidental injury "probably" aggravated plaintiff's pre-existing avascular necrosis, causing plaintiff's hip to collapse. Defendant had itself introduced this letter into evidence, and the court expressly concluded that by making no argument regarding any limitation on the purposes for which the court could consider the exhibit, defendant had waived any evidentiary objection to the exhibit for purposes of the summary judgment motion. (See Memorandum Opinion, Doc. # 23 at p. 17 n. 9). Absent defendant's waiver, the letter – offered by plaintiff to prove the substance of Dr. Barrington's opinion – would have been excluded as hearsay.

At the pretrial conference held in this matter on February 7, 2008, plaintiff's counsel admitted that she had identified no expert witness to testify at trial regarding the cause of plaintiff's 2004 hip injury and would not offer expert testimony. Thus, Dr. Barrington will not testify at trial regarding the cause of plaintiff's hip collapse. On the basis of plaintiff's judicial admission at the pretrial conference, defendant now moves for reconsideration of the order denying summary judgment. Plaintiff responds that, while he conceded at the pretrial conference that he would not produce a medical expert on the issue of causation of the collapse of his left hip and the resulting surgery, he also explained to the court that "plaintiff would testify concerning his personal knowledge of the symptoms he experienced due to his medical condition." (Doc. # 37).

Because plaintiff admits that he has no expert medical testimony to offer, he cannot produce sufficient evidence at trial to create an issue of fact for the jury regarding whether

his occupational accident in 2004 caused his hip injury.  In view of the uncontroverted evidence of record regarding plaintiff's avascular necrosis, plaintiff's lay testimony regarding his symptoms, regardless of its nature, would be insufficient to allow a jury to infer reasonably that plaintiff's hip collapse resulted from his 2004 occupational accident.  Plaintiff's inability to present expert medical testimony is fatal to his claim.  Cf. Black-Gammons v. Zurich America Ins. Co., 2006 WL 47503, ** 3-4 (M.D. Ala. Jan. 9, 2006)(granting summary judgment for occupational accident insurer on plaintiff's breach of contract claim because plaintiff "presented no medical evidence whatsoever" that her claimed injury did not stem from her degenerative disc disease).  Accordingly, it is

ORDERED that the motion to reconsider the order denying summary judgment is GRANTED, that defendant's motion for summary judgment as to plaintiff's breach of contract claim arising from plaintiff's 2004 accident and injury is GRANTED, and that this claim is, accordingly, DISMISSED with prejudice.[1]

DONE, this 12th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The sole claim now remaining before the court is plaintiff's breach of contract claim arising from his 2003 injury.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

 (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

 (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

 (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

 (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

 (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).